# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KARIM SALEHPOOR,

        Plaintiff,

v.                                            Civil No. 00-1791 WJ/LFG - ACE

MOHSEN SHAHINPOOR,
Individually and in his Official
Capacity; KEYKHOSROW
FIROOZBAKHSH, Individually and
in his Official Capacity; DAVID E.
THOMPSON, Individually and in his
Official Capacity; RANDY G.
BOEGLIN, Individually and in his
Official Capacity; REGENTS OF THE
UNIVERSITY OF NEW MEXICO
and ENVIRONMENTAL ROBOTS
INCORPORATED, A New Mexico
Corporation,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon a Motion to Dismiss and for Sanctions, filed by Defendant Environmental Robots, Inc. ("ERI") on November 16, 2001 **(Doc. 43)**. For the following reasons, I find that Defendant's motion is not well-taken and will be denied.

During the time relevant to the complaint, Plaintiff was a candidate for a doctoral degree in Mechanical Engineering at the University of New Mexico ("UNM") Mechanical Engineering Department. His graduate research, which concerned the mechanism of actuation for electrically controllable artificial muscles, was funded through federal grant money, specifically by the Jet Propulsion Lab ("JPL") at the National Aeronautics and Space Administration ("NASA"), and by

Sandia National Laboratory.[1]  Plaintiff claims that Shahinpoor, who was his academic advisor, illegally converted Plaintiff's intellectual property for the benefit of his own corporation, Environmental Robotics, Inc.  Plaintiff further alleges that Defendant Shahinpoor gave this information to a visiting professor at the Orthopedic Department at UNM Hospital, who in turn transferred it to a student in Tehran, Iran, for use in the student's graduate thesis.

Plaintiff contends that as a result of Plaintiff's complaints and his submission of grievances concerning Defendants' misuse of his research information, Defendants allegedly set out on a course to deprive Plaintiff of his rights, ending up in constructively discharging him from the Ph.D. program and in barring him from the UNM campus without due process.  He alleges various counts in the complaint: deprivation of property interests without due process; conspiracy to deprive Plaintiff of Constitutional Rights under 42 U.S.C. § 1985; failure to adequately train and supervise; whistleblowing retaliation; unjust enrichment; prima facie tort; conversion and defamation.  Plaintiff seeks compensatory and punitive damages as well as injunctive relief.

In the instant motion, Defendant ERI contends that Plaintiff improperly and untimely added ERI as a party because it was done without leave of Court, referring to an Order entered by Magistrate Judge Garcia which (Defendants argue) did not include the Court's permission to add another party.  The Order notes that while the Court was granting Defendants' motion for a more definite statement, it was also requiring Plaintiff to file an amended complaint which "should comply with the requirements of Rule 8 and Rule 11." *Court's Order at 3* (Doc. 22).  Plaintiff, who was proceeding *pro se* at the time, was also urged to seek legal representation.  The

---

[1] The research was apparently of some critical importance for Mars missions planned by NASA.  Plaintiff points to this fact as the reason why the JPL supported Plaintiff's application for Permanent Resident status in the United States, based on the National Interest Waiver.

amended complaint was filed by counsel who entered an appearance shortly afterward (*see* Doc. 25). Given these circumstances, I find that the addition of ERI as a defendant does not violate the Court's Order. Moreover, Defendant's objections are fruitless because a leave to amend should be granted -- within the Court's discretion -- even if not requested, unless the amendment would be futile. *See Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). I am not persuaded that amending the complaint to include ERI as a party would be either prejudicial or inappropriate.

Defendant also claims that the allegations in the amended complaint are insufficient on which to base a cause of action against ERI, pointing to the fact that ERI is mentioned in the complaint in only two places, at ¶ 7 and ¶ 53. Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to set forth in a complaint (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Count VII does not list the elements for conversion, but allegations in the complaint regarding Defendants conduct nevertheless fall within the contours of a conversion claim.[2] Plaintiff sufficiently describes a scenario in which Defendants Shahinpoor and Firoozbakhsh passed on information that allegedly belonged to him, i.e., the substantive matter of his graduate research, without Plaintiff's knowledge or authorization, and to his detriment. I also find that Plaintiff's omission of the phrase "on behalf of" when describing Defendant Shahinpoor's acts in

---

[2] Defendant states that the allegations in ¶ 53 of the amended complaint do not describe an injurious use of Plaintiff's property, but rather refer to the use of contents in the thesis belonging to Mohsen Shavandi (the graduate student in Iran). Viewed in isolation, Defendant's position is tenable. However, when the allegation is read in the context of the numerous other allegations, Plaintiff's claim of conversion makes sense.

3

connection with ERI, is not fatal to his claims against ERI. Plaintiff names Defendant Shahinpoor as the managing agent for the corporation, and identifies the injury to himself: conversion of his intellectual property used "as a basis for [Shahinpoor's] report to obtain a grant for his private company, defendant Environmental Robots Incorporated. . . ." *Compl.,* ¶ 53.

Keeping in mind that Rule 8(f) should be construed "as to do substantial justice," I find that the amended complaint, while less than a model of notice pleading, is adequate to survive Defendant's motion. Defendant's request for sanctions is likewise denied.

**THEREFORE,**

**IT IS ORDERED** that the Motion to Dismiss and for Sanctions, filed by Defendant Environmental Robots, Inc. ("ERI")**(Doc. 43)** is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE