# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KARIM SALEHPOOR,

    Plaintiff,

v.                                                              Civil No. 00-1791 WJ/LFG - ACE

MOHSEN SHAHINPOOR,
Individually and in his Official
Capacity; KEYKHOSROW
FIROOZBAKHSH, Individually and
in his Official Capacity; DAVID E.
THOMPSON, Individually and in his
Official Capacity; RANDY G.
BOEGLIN, Individually and in his
Official Capacity; REGENTS OF THE
UNIVERSITY OF NEW MEXICO
and ENVIRONMENTAL ROBOTS
INCORPORATED, A New Mexico
Corporation,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Defendant Shahinpoor's Motion to Dismiss, filed July 30, 2002 **(Doc. 107)**, and Plaintiff's Motion to Amend First Amended Complaint by Interlineation, filed June 7, 2002 **(Doc. 99)**. For reasons stated below, Defendant's motion will be granted, and Plaintiff's motion will be denied.

### Background

Plaintiff was a candidate for a doctoral degreein Mechanical Engineering at the University of New Mexico ("UNM") Mechanical Engineering Department. His graduate research, which involved the mechanism of actuation for electrically controllable artificial muscles, was funded through

federal grant money.[1] Plaintiff claims that Defendant Shahinpoor, who was his academic advisor, illegally converted Plaintiff's intellectual property for the benefit of his own corporation, Environmental Robotics, Inc. He further alleges that Defendant Shahinpoor gave this information to a visiting professor at the Orthopedic Department at UNM Hospital, who in turn transferred it to a student in Tehran, Iran, for use in the student's graduate thesis. Plaintiff contends that as a result of Plaintiff's complaints and his submission of grievances concerning Defendants' misuse of his research information, Defendants allegedly set out on a course to deprive Plaintiff of his rights, ending up in constructively discharging him from the Ph.D. program and in barring him from the UNM campus without due process. The Complaint contains various federal and state law claims: Deprivation of Property Interests without Due Process (Count I); Conspiracy to deprive Plaintiff of Constitutional Rights under 42 U.S.C. § 1985 (Count II); Failure to Adequately Train and Supervise (Count III); Whistleblowing Retaliation (construed as First Amendment) (Count IV); Unjust Enrichment (Count V); Prima Facie Tort (Count VI); Conversion (Count VII) and Defamation (Count VIII).

On June 11, 2002, I dismissed with prejudice all of Plaintiff's federal claims against Defendants Firoozbakhsh, Thompson and Boeglin. Doc. 101 ("June 11th Opinion and Order"). Federal claims in Counts I, II and IV (due process, conspiracy and whistleblowing) remain against Defendant Shahinpoor, who now moves to dismiss pursuant to preclusion doctrines based on this Court's previous findings in the case.

***Legal Standards***

---

[1] The grant was funded by the Jet Propulsion Lab ("JPL") at the National Aeronautics and Space Administration ("NASA"), and by Sandia National Laboratory.

When a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. U.S. v. Platero, 72 F.3d 806, 810 (10th Cir. 1995) (citing Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988)). Plaintiff urges the Court to view the motion under a summary judgment standard because a consideration of matters outside the pleadings is necessary.

I have already considered and addressed these matters in the June 11th Opinion and Order, where I determined that Plaintiff had not presented evidence sufficient to assert the violation of constitutional rights which would withstand dismissal.[2] Plaintiff was unable to show that he had a substantive due process right in continuing his doctoral studies, or a right to either a temporary advisor, an office, or being free from having to do a second dissertation defense. June 11th Opinion and Order, at 5. Although Plaintiff had a property interest in education which was entitled to procedural due process, the evidence showed that he was afforded all the due process to which he was entitled. Id., at 5.[3] Plaintiff's allegations of conspiracy in Count II were merely conclusory. June 11th Opinion and Order, at. 5.

Count IV, construed as a First Amendment claim, was dismissed on the basis that

---

[2] The analysis therefore did not go further than the first prong of a qualified immunity analysis, on which the other Defendants' motion was based. See Saucier v. Katz, 533 U.S. 194, 201 (2001) (If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity). I made alternative findings as well, e.g., that the law was not clearly established as to whether Plaintiff had a substantive property interest in continuing his doctoral studies. June 11th Opinion and Order, at 4.

[3] My analysis was based on the dual assumption that Plaintiff's expulsion was for academic and disciplinary reasons.

Plaintiff's speech was not protected and thus he could not claim constitutional protection.[4] Taking another shot at his First Amendment ("whistleblowing") claim, Plaintiff relies on <u>Chandler v. City of Arvada, Colo</u>, 292 F.3d 1236 (10th Cir. 2002) for the proposition that his grievances are analogous to the referendum or recall petitions circulated by plaintiffs in <u>Chandler</u> and which were found to concern "core political speech" because in that case the speech sought "to achieve political change in Colorado." 292 F.3d at 1240. No such import attaches to the facts here, where Plaintiff was lobbying for redress of purely personal grievances involving the alleged theft and misuse of his thesis material.[5] Plaintiff urges the Court to accept <u>Chandler</u> as controlling authority which was decided subsequent to the June 11th Opinion and Order and thus qualifies as an exception to the law of the case doctrine. <u>Greene v. Safeway Stores, Inc</u>., 210 F.3d 1237 (10th Cir. 2000) (listing exceptions to law of the case doctrine). Because neither the facts nor the law set out in <u>Chandler</u> have a relevance to the present case, there is no reason not to follow my previous rulings.

Plaintiff's contention that fraudulent or illegal use of the information in his thesis could have possible ramifications for terrorism and methods of mass destruction, Resp. at 11, does not elevate his grievances into constitutionally protected activity. Any practical use that could eventually result from Plaintiff's thesis material is incidental to the question of whether his

---

[4] Count III, Failure to Adequately Train and Supervise, was not alleged against Defendant Shahinpoor.

[5] Plaintiff alleged that Shahinpoor "broke into [his] office and desk drawer and took research materials that Plaintiff was using," Compl., ¶ 63, that Shahinpoor had used Plaintiff's dissertation thesis in a thesis he presented in Tehran, Iran, Compl., ¶ 50, and that Defendant had also used the contents of a thesis "identical" to Plaintiff's as a basis to obtain a grant for Shahinpoor's private company, Environmental Robots Inc. (a Defendant in this case), Compl.¶ 53.

4

*grievances* on its alleged misuse are constitutionally protected activities.   Wilson v. City of Littleton, 732 F.2d 765, 769 (10th Cir. 1984) (citing Connick v. Meyers, 461 U.S. 138, 148 n.8 (1983) (For speech to be considered "public concern," it is not enough that the subject matter could in certain circumstances be the topic of a communication to the public that might be of general interest; what is actually said on that topic must itself be of public concern).

    Plaintiff points out, correctly, that the appropriate framework for assessing First Amendment claims against a non-employer defendant is Worrell v. Henry, 219 F.3d 1197 at 1212 (10th Cir. 2000).  Analysis under the Worrell standard does not include the balancing inquiry conducted under Pickering v. Board of Educ., 391 U.S. 563, 568 (1968) for First Amendment claims in the employment context.  Still, it requires a showing that plaintiff was engaged in "constitutionally protected activity" – a showing which Plaintiff's has not made based on the misuse of his dissertation thesis.  Further, under an interpretation of the facts most favorable to Plaintiff (and even cloaking Plaintiff's actions with the mantle of constitutionally protected activity), Defendant's conduct did not cause Plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity.  Despite overwhelming evidence that his behavior had become increasingly erratic and unacceptable, Plaintiff was allowed to continue his dissertation defense under a temporary advisor after communications broke down between himself and Shahinpoor.  Over a span of several months, he was given written warning about his erratic and unacceptable behavior, and told in writing that he could request an informal hearing.[6]

---

    [6]   Other than setting forth generalized notions of entitlement to procedural due process, both in his Complaint and in his response to the other Defendants' motion to dismiss, Plaintiff has not alleged deficiencies in the process he was afforded.  Doc. 57 at 12.  In fact, there is no

I find that under the law of the case doctrine, my previous findings in the June 11th Opinion and Order are applicable to Plaintiff's Counts I, II and IV against Defendant Shahinpoor. Plaintiff's response to the instant motion is essentially the same arguments presented in a different package. Therefore, Defendant's motion to dismiss will be granted.

*Plaintiff's Motion to Amend*

Plaintiff's motion to amend the First Amended Complain will not be granted. The amended complaint seeks to specifically add a First Amendment claim. Since I have already construed the Complaint to have alleged a First Amendment claim in Count IV, and dismissed that claim on its merits, there is no basis to allow Plaintiff's request. The amended complaint would also add a liberty interest claim under Count I. However, the Court's analysis of Plaintiff's procedural due process claim based on an alleged property interest (right to continued enrollment) applies to a liberty interest as well. Although due process ordinarily requires an opportunity for "some kind of hearing" prior to the deprivation of a significant property interest, Miller v. Campbell County, 945 F.2d 348, 353 (10th Cir.1991) (quotation omitted), cert. denied, 502 U.S. 1096 (1992), Plaintiff has not demonstrated, or for that matter specifically alleged, either that he was not afforded a hearing, or that the process was deficient. Pitts v. Bd. of Educ of U.S.D. 305, Salina, Kansas, 869 F.2d 555, at 557 (10th Cir. 1989) (failure of plaintiff to permit defendant to provide any due process eliminates the claim). Therefore, Plaintiff's motion to amend is denied.

*Final Disposition of Case - Defendant Environmental Robots, Inc. and State Claims*

On June 6, 2002, I denied the motion to dismiss filed by Environment Robots, Inc. Doc.

---

indication that Plaintiff ever availed himself of a hearing. See June 11th Opinion and Order, at 6, n.4.

95.[7] With Defendant Shahinpoor dismissed from this case, there remains no basis for the case to proceed in this forum. With no federal claims pending in this action, I decline to exercise supplemental jurisdiction over Plaintiff's state claims. 28 U.S.C. § 1367; City of Chicago v. International College of Surgeons, 522 U.S. 156, 172. (1997).

**THEREFORE**,

**IT IS ORDERED** that Defendant Shahinpoor's Motion to Dismiss **(Doc. 107)** is hereby GRANTED;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend First Amended Complaint by Interlineation, **(Doc. 99)** is hereby DENIED;

**IT IS FURTHER ORDERED** that Defendant Environmental Robots, Inc. is hereby DISMISSED from the action for reasons stated above;

**IT IS FINALLY ORDERED** that Plaintiff's federal claims against all Defendants are DISMISSED WITH PREJUDICE and the above-captioned case is dismissed in its entirety.

_____
UNITED STATES DISTRICT JUDGE

---

[7] According to the allegations, Defendant Shahinpoor owned Environmental Robots, Inc. ("E.R.I."). I denied the motion to dismiss, finding E.R.I. was not improperly or untimely added as party, considering the pro se status of Plaintiff at the time the original Complaint was filed. I also determined that the allegations pertaining to E.R.I. were sufficient to support a conversion claim. Since I am declining to exercise federal jurisdiction over the pending state claims, E.R.I. is no longer a Defendant in the present action.